IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CANDACE WENE,                                  Civil No. 05-1415-AA
                                               OPINION AND ORDER
       Plaintiff,

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.
_____

Rory Linerud
Attorney At Law
PO Box 1105
Salem, Oregon 97308
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Joanne E. Dantonio
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

    Claimant, Candace Wene, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain

1  - OPINION AND ORDER

judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) disability benefits under Title XVI. 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

**PROCEDURAL BACKGROUND**

Plaintiff protectively filed her application for SSI benefits on December 20, 2001. Tr. 82-85. Her application was denied initially, tr. 53-57, and upon reconsideration. Tr. 60-62. No appeal followed. Plaintiff filed her second and current application for benefits on January 29, 2003. Tr. 86-92. That application was denied initially, tr. 35-38, and upon reconsideration. Tr. 44-46. On May 20, 2004, the Administrative Law Judge (ALJ) held a hearing at which he heard testimony from plaintiff who was represented by counsel. Tr. 1155-74. On November 10, 2004, the ALJ held a supplemental hearing at which he heard testimony from a vocational expert. Tr. 1175-95. Plaintiff's counsel, but not plaintiff, was present at the supplemental hearing. Id.

On April 12, 2005, the ALJ found that plaintiff had the residual functional capacity to work at a reduced range of light work and could perform her past relevant work as a fast food worker and motel cleaner. Tr. 13-26. Therefore, the ALJ found plaintiff not disabled within the meaning of the Act. Tr. 25-26. The Appeals Council declined plaintiff's request for review making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 404.981, 416.1481.

2   - OPINION AND ORDER

## STATEMENT OF THE FACTS

Plaintiff was 41 years old at the time of the ALJ's decision. Tr. 1159. She obtained a high school education. Tr. 113. Plaintiff performed past work as a stock person, fast food worker, blackjack dealer, motel cleaner, and caregiver. Tr. 1182-83. She last worked on December 22, 2000, when she was laid off from her temporary job. Tr. 1162-63.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential

3   - OPINION AND ORDER

process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566,

4    - OPINION AND ORDER

416.966.

## DISCUSSION

ALJ's Findings

Following the five-step sequential evaluation outlined above, at Step One, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date. Tr. 18, 26, Finding 1. See 20 C.F.R. § 416.920(b). This finding is not in dispute. At Step Two, the ALJ found that plaintiff had the following severe impairments: atrophy and contracture of the right hand and forearm, status-post surgery; borderline intellectual functioning; depressive disorder; personality disorder; and polysubstance abuse disorder. Tr. 18, 25, Finding 2. See 20 C.F.R. § 416.920(c). This finding is not in dispute. At Step Three, the ALJ found that plaintiff's impairments did not meet or equal the Listings. Tr. 18, 25, Finding 2. See 20 C.F.R. §§ 416.920(a)(4)(iii); 416.920(d). This finding is not in dispute.

The ALJ next determined that the plaintiff had the residual functional capacity to perform light work, and had limitations in fingering with her right hand, limited grip and gross manipulation with her right hand, and was unable to crawl or climb ropes, ladders, and scaffolds, had moderate limitations in her ability to remember and carry out detailed instructions and in making realistic goals or independent plans, capable of understanding and carrying out basic instructions and procedures, including performing work tasks consisting of one to two steps. Tr. 24, 26, Finding 4. See 20 C.F.R. § 416.967. This finding is in dispute. At Step Four, the ALJ found that plaintiff could

5   - OPINION AND ORDER

perform her past relevant work as a fast food worker and motel cleaner. Tr. 25-26, Finding 5. <u>See</u> 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f). This finding is in dispute. Alternatively, the ALJ found that at Step Five, plaintiff was able to perform other work that existed in significant numbers in the national economy including cashier, ticket seller, or office helper. Tr. 25-26, Finding 6. This finding is in dispute.

<u>Plaintiff's Objections to the ALJ's Findings</u>

Plaintiff objects to the ALJ's findings based on the fact that plaintiff was not allowed to testify at the supplemental hearing, nor was plaintiff's counsel allowed to ask any questions of plaintiff. At the supplemental hearing, held by telephone, plaintiff was not called to be present and not allowed to offer testimony.

There is no dispute that the ALJ suspended the first hearing on May 20, 2004. Tr. 1155-74. The ALJ stated:

> Counsel, I want to get a little bit more information before we continue. I would like to get updates that - from the emergency rooms. I'm additionally going to get arrest and disposition record[s]. Apparently your husband knows more about the employment, I would ask you to see if you can get him to assist with getting an update on employment records that we have. Admittedly they're few and far between, but let's see if we can [get] an update. In the meantime I'm going to order an orthopedic consultive evaluation with regard to her capabilities with regard to the right hand. And since the psychological is two years out of date, we'll get an update on the psychological too. Okay?
>
> [Attorney]: So are you then ordering a psychological exam, is that –
>
> [ALJ]: That's correct. Okay. When we got those items

6   - OPINION AND ORDER

back in we'll come back in, and we'll finish up.  Okay?[1]

[Attorney]: Thank you, Your Honor.

[ALJ]: All right.  That will conclude the hearing for today[.]

Tr. 1173-74.

Following the first hearing, plaintiff's counsel sent the ALJ correspondence that included a Medical Source Statement and cover letter dated August 2, 2004.  Tr. 863-865.  On August 26, 2004, plaintiff's counsel sent a more readable version of the same exhibit and another cover letter wherein plaintiff requested a supplement hearing.[2]  Plaintiff argues to the court that she requested the supplemental hearing because she did not have an opportunity to testify in the original hearing, nor did she have an opportunity to respond to any questions posed by her attorney.  Plaintiff states that a supplemental hearing was also requested because of the ALJ's advisement after the first hearing that the hearing would continue at a later time.

Plaintiff alleges that although she was provided notice of the second hearing, she was not called to testify.  Tr. 27-28.  Plaintiff alleges that the decision not to have plaintiff present or testify at the hearing was made solely by the ALJ.  Plaintiff's counsel represents that a discussion was held off-the-record prior to the commencement of the second hearing, wherein the ALJ advised plaintiff's counsel that he was seeking

---

[1] Transcript attributes this statement to the attorney, however, plaintiff's counsel notes that the transcript is in error and that the statement was made by the ALJ.

[2] This letter is not part of the Administrative Record.  A copy is attached to Plaintiff's Memorandum.

7    - OPINION AND ORDER

only vocational expert testimony.

Plaintiff's counsel states that prior to the commencement of the second hearing, he believed that the ALJ had decided to grant plaintiff's claim for benefits. This belief was based on: (1) the ALJ's advisement that a "continued" hearing would commence following receipt of additional information; (2) plaintiff requested a supplemental hearing; (3) the ALJ decided not to allow a supplemental hearing for the purpose of taking additional testimony from plaintiff despite plaintiff's "clear right to have the hearing; (4) pursuant to the ALJ's request post-hearing for a summary of all records of plaintiff's treating psychologist, Sharon Schmidt, Psy.D; and (5) the ALJ's off-the-record discussion with plaintiff's counsel prior to the second hearing where the ALJ explained that he was seeking only vocational expert testimony at the supplemental hearing.

I find, however, that plaintiff's counsel could have rectified the alleged misunderstanding regarding plaintiff's appearance at the supplemental hearing by simply requesting that plaintiff be called for the hearing. I find no indication in the record that plaintiff's counsel ever requested that plaintiff be called for the hearing. Further, there is no indication in the record that the ALJ denied any request to have plaintiff appear at the hearing and testify. Finally, I find no indication in the record that plaintiff's counsel objected to plaintiff's absence from the hearing.

Moreover, the record indicates that plaintiff failed to raise this issue in her request for review by the Appeals Counsel. The first objection by plaintiff to her failure to

8    - OPINION AND ORDER

appear at the supplement hearing is before this court on appeal. Despite plaintiff's counsel's belief in how the ALJ intended to rule on plaintiff's claim, I find nothing in the record to indicate that the ALJ represented to plaintiff's counsel that he intended to grant plaintiff's claim. Seemingly, the ALJ did believe that no further testimony by plaintiff would be necessary, however, nothing in the record supports the conclusion that the ALJ hindered plaintiff's counsel from presenting further testimony by plaintiff.

Finally, and notably, the plaintiff does not make any assignment of error to the ALJ's detailed credibility determination regarding the plaintiff. Tr. 19-23. Therefore, given the ALJ's negative credibility determination regarding plaintiff's claims and her testimony at the first hearing, there is no reason to believe that further testimony from plaintiff would not have been similarly discounted by the ALJ as not credible. I find no violation by the ALJ in conducting a supplemental hearing without plaintiff's testimony when there is no record of a request for such testimony by plaintiff's counsel, or of the ALJ disallowing a request by plaintiff's counsel for such testimony.

Plaintiff next alleges that the ALJ failed to pose a complete and proper hypothetical to the vocational expert (VE). Plaintiff argues that the ALJ failed to incorporate DDS physician, Michael Villanueva's, Psy.D, conclusion that plaintiff was moderately limited in her ability to respond appropriately to work pressures in a usual work setting. Tr. 857.

Dr. Villanueva qualified his finding stating that

9    - OPINION AND ORDER

plaintiff's alcohol abuse contributed to the limitations set forth on the assessment. Tr. 857. While the ALJ found Dr. Villanueva's findings entitled to substantial weight, he also noted that plaintiff's impairments were related to her substance abuse. Tr. 21-22. Considering that Dr. Villanueva's opinion that plaintiff's functional limitations were at least in part attributable to alcohol abuse, the ALJ did not err in failing to include this limitation in his residual functional capacity assessment.

Similarly, other DDS physicians developed other restrictions regarding plaintiff's abilities that plaintiff alleges the ALJ failed to incorporate into the hypothetical. Specifically, plaintiff points to the determinations of Dorothy Anderson, Ph.D and Bill Hennings, Ph.D, that plaintiff was moderately limited in her ability to work in coordination with or proximity to others without being distracted by them. Tr. 219. Drs. Anderson and Hennings also found that plaintiff was moderately limited in her ability to interact appropriately with the general public. Tr. 220-21. Plaintiff alleges that the ALJ stated that the assessments of Drs. Anderson and Hennings were "supported by the evidence," but failed to incorporate these limitations into the hypothetical. Tr. 24.

The ALJ summarized and evaluated the May and August 2003, opinions of Drs. Anderson and Peter LeBray. Tr. 23, 338-55. The ALJ did not, however, discuss the May 2002, opinions referred to above of Drs. Anderson and Hennings because their opinions do not relate to the period of disability at issue. The ALJ appropriately considered the May 2003, opinions of Drs. Anderson

10   - OPINION AND ORDER

and LeBray, in lieu of the May 2002 opinions of Drs. Anderson and Hennings, because the May 2003 opinion refers to the relevant time period beginning December 30, 2002, the date plaintiff's alleged disability commences. Moreover, the Commissioner need not discuss all evidence presented to her. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The ALJ must only consider the evidence that is relevant and probative. Gonzalez v. Sullivan, 914 F.2d 1197, 1200-01 (9th Cir. 1990). In sum, the opinions of Drs. Anderson and Hennings predate the period of disability at issue and are therefore irrelevant.

The court notes again that plaintiff fails to challenge the ALJ's negative credibility determination. This issue is central to the ALJ's evaluation of the evidence and assessment of plaintiff's residual functional capacity. The ALJ's residual functional capacity finding properly considered all of the credible medical evidence and testimony and is based on substantial evidence in the record.

Regarding plaintiff's dispute with the ALJ's finding that the plaintiff can perform her past relevant work, a plaintiff has the burden of showing that she can no longer perform her past relevant work. See 20 C.F.R. §§ 404.1520(e), 416.920(e). Specifically, at Step Four, the ALJ is required to make findings as to plaintiff's residual functional capacity, the physical and mental demands of past jobs, and whether her residual functional capacity would permit her to return to her past job. Plaintiff has the burden to produce evidence at this step. Plaintiff failed to meet this burden. The ALJ's finding was supported by the testimony of the vocational expert in response to the ALJ's

11   - OPINION AND ORDER

1  hypothetical vocational question that adequately included all of
2  plaintiff's limitations.  I find the ALJ's Step Four finding that
3  plaintiff could perform her past relevant work as a fast food
4  worker and motel cleaner supported by substantial evidence. Tr.
5  24.
6       Alternatively, the ALJ found that plaintiff could also
7  perform other work existing in significant numbers in the
8  national economy.  Tr. 24-25.  See Tackett v. Apfel, 180 F.3d
9  1094, 1099 (9th Cir. 1999)(describing inquiry at Step Five of the
10 sequential evaluation process).  The ALJ relied upon vocational
11 expert testimony because plaintiff's vocational criteria (age,
12 education, residual functional capacity, and work experience) did
13 not coincide with any of the Guideline rules.  The vocational
14 expert considered whether an individual with the same vocational
15 profile as plaintiff could perform a significant number of jobs
16 in the national economy, including plaintiff's proposed
17 hypothetical that included a marked limitation in the ability to
18 remember and carry out detailed instructions.  Tr. 25, 1188-89.
19 The vocational expert identified three occupations (cashier,
20 ticket seller, and office helper) that represented significant
21 jobs existing in the national economy.  Tr. 25, 1190-91.  I find
22 no error here.
23      Finally, plaintiff's allegation that the ALJ failed to
24 develop the record is rejected.
25 ///
26 ///
27 ///
28 ///

12  - OPINION AND ORDER

**CONCLUSION**

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed. IT IS SO ORDERED.

Dated this  20  day of June 2006.


                                    /s/ Ann Aiken
                                    Ann Aiken
                                    United States District Judge

13   - OPINION AND ORDER